IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-72-D-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| KELVIN MELTON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial, pursuant to the court's orders of 15 May 2014 (D.E. 109) and 16 May 2014 (D.E. 114). At the hearing, defendant presented no witnesses, but introduced without objection eight exhibits, consisting of seven sets of North Carolina Department of Correction regulations (Def. Exs. 1-7) and an Order Setting Conditions of Release entered in *United States v. Hayes*, No. 5:07-CR-45 (W.D. Okla. 2 Apr. 2007) (Def. Ex. 8). Defendant also submitted, albeit not as an exhibit, a copy of an order in that case. *Hayes*, 2007 WL 708803 (2 Mar. 2007). The government called as its only witness an officer with the Raleigh Police Department on a Federal Bureau of Investigation task force. The government also introduced without objection a North Carolina criminal judgment against defendant, dated 17 October 2012, imposing a term of life imprisonment without parole for his conviction for assault with a deadly weapon with intent to kill inflicting serious injury (Gov. Ex. 1). For the reasons stated below and in open court, the government's motion is GRANTED.

**Background**

Defendant was charged in a five-count indictment on 22 April 2014 with: conspiracy to commit kidnapping beginning in or about February 2014 and continuing to on or about 10 April

2014 in violation of 18 U.S.C. § 1201(c) (ct. 1); attempted kidnapping, and aiding and abetting the same, beginning in or about February 2014 and continuing to on or about 11 March 2014 in violation of 18 U.S.C. §§ 1201(d) and 2 (ct. 2); using and carrying a firearm during and in relation to attempted kidnapping, and aiding and abetting the same, on or about 7 March 2014 and continuing to on or about 11 March 2014 in violation of 18 U.S.C. §§ 924(c) and 2 (ct. 3); kidnapping, and aiding and abetting the same, beginning on or about 3 April 2014 and continuing to on or about 10 April 2014 in violation of 18 U.S.C. §§ 1201(a) and 2 (ct. 4); and use, carrying, and brandishing a firearm during and in relation to, and possessing a firearm in furtherance of, a kidnapping, and aiding and abetting the same, on or about 5 April 2014 in violation of 18 U.S.C. §§ 624(c) and 2 (ct. 5).

  The testimony presented at the hearing showed that the charges relate to defendant's alleged involvement in two kidnapping plots, one in March 2014 and the other in April 2014. He purportedly orchestrated the plots using a cellular telephone from the North Carolina state prison where he was serving the life sentence referenced above. The other participants in both plots were based in the Atlanta, Georgia area. In the April 2012 plot, the kidnappers purportedly travelled to Wake Forest, North Carolina, where they kidnapped the father of defendant's defense counsel in the case resulting in his imprisonment. The kidnappers used a firearm in the kidnapping, including pistol whipping the victim. The kidnappers took the victim to the Atlanta area where, after being held for several days, he was rescued by authorities on the night of 9 April 2014. The plan was to kill the victim. The government's evidence includes statements from cooperating defendants and electronic surveillance.

2
Case 5:14-cr-00072-D   Document 121   Filed 05/23/14   Page 2 of 4

## Discussion

The rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies in this case by virtue of counts 3 and 5 of the indictment charging defendant with violation of 18 U.S.C. § 924(c). *See* 18 U.S.C. § 3142(e)(3)(B). Defendant argues that he rebutted the presumption by showing that placing him in state custody would reasonably assure his appearance as required and the safety of any other person and the community. The court finds that defendant has not rebutted the presumption.

The court questions whether "release," as that term is used in 18 U.S.C. § 3142, encompasses placement in state custody. Instead, release clearly appears under the statute to be an alternative to detention. *See, e.g.*, 18 U.S.C. § 3142(c)(1)(B)(i)-(xii) (setting out a nonexclusive list of conditions the court may impose).

But even if placement in state custody does qualify as a release condition, the record shows that the government has a strong, overriding interest in keeping defendant in federal custody and maintaining control over the conditions of his confinement. The government's interest arises from, among other considerations, the serious violations of federal law at issue, the violent and interstate nature of the alleged federal offenses, and defendant's alleged use of a cellular telephone when in North Carolina state custody to perpetrate the alleged offenses.

Alternatively, the court finds that the evidence presented by the government and the information in the pretrial services report shows by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community and the appearance of defendant as required if he were released from pretrial detention. This alternative finding is based on, among other facts, the violent and interstate nature of the alleged federal offenses, defendant's role as the orchestrator of the alleged

offenses, his extensive criminal record, and the danger of continued violent conduct presented by defendant's release.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 22nd day of May 2014.

James E. Gates
United States Magistrate Judge