UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-72-1D


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | DEFENDANT'S REQUEST |
| v. | ) | FOR JURY INSTRUCTIONS |
| | ) | |
| KELVIN MELTON, | ) | |


The defendant, Kelvin Melton, by and through counsel, hereby respectfully moves this Court to instruct the jury on the following matters. In addition, the defendant requests leave to amend the submitted instructions or offer such additional instructions as may become appropriate during the course of trial.

**TABLE OF CONTENTS**

**I. GENERAL PRELIMINARY INSTRUCTIONS AT THE BEGINNING OF AND DURING TRIAL**

1. Pretrial Publicity

2. Court's Comments on Evidence

3. Court's Questions to Witnesses

4. Court's Comments to Counsel

5. Objections and Rulings

6. Conduct of the Jury

7. Typewritten Transcripts of Tape Recorded Conversations

8. Publicity During Trial

## II. GENERAL INSTRUCTION AFTER THE PRESENTATION OF ALL EVIDENCE

9.  Introduction to the Final Charge-Province of the Court and the Jury.

10. The Government as a Party

11. Presumption of Innocence, Burden of Proof, and Reasonable Doubt

12. Consider Only the Offense Charged

13. Judging the Evidence

14. Indictment is Not Evidence

15. Direct Evidence/Circumstantial Evidence

16. Credibility of Witnesses Generally

17. Credibility of Witnesses-Informant

18. Credibility of Witnesses-Accomplice

19. Credibility of Witnesses-Drug or Alcohol User

20. Credibility of Witnesses-Inconsistent Statement

21. Credibility of Witnesses-Conviction of Felony

22. Credibility of Witnesses-Bad Reputation for Truth or Veracity

23. The Refusal of Witness to Answer

24. Bias and Hostility

25. Law Enforcement Witness

26. Identification Testimony

27. No Inference of Guilt from Defendant's Decision Not to Testify

    COUNT ONE

28. The Nature of the Offense Charged

29. The Statute Defining the Offense Charged

30. The Elements of the Offense Charged

31. Conspiracy-Existence of Agreement

32. Conspiracy-Membership in Agreement

33. Acts and Declarations of Co-Conspirators

34. "Overt Act"-Defined

35. Single or Multiple Conspiracies

   COUNT TWO

36. The Nature of the Offense Charged

37. The Statute Defining the Offense Charged

38. The Essential Elements of the Offense Charged

39. Definition of Attempt

40. Definition of Kidnapping

41. "And Holds for Ransom, Reward or Otherwise"-Defined

42. "Transported in Interstate Commerce"-Defined

   COUNT THREE

43. The Nature of the Offense Charged

44. The Statute Defining the Offense Charged

45. The Essential Elements of the Offense Charged

46. Definitions

   COUNT FOUR

47. The Nature of the Offense Charged

48. The Essential Elements of the Offense Charged

COUNT FIVE

49. The Nature of the Offense Charged

50. The Statute Defining the Offense Charged

51. The Essential Elements of the Offense Charged

52. Definitions

53. The Defense

54. Election of Foreperson

55. Communications Between Court and Jury During Deliberations

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1
### Pretrial Publicity

There has been substantial publicity about this case prior to the beginning of this trial. The statements contained in some of the accounts may, of course, not be accurate and may have come from individuals who will not be present in court and who, therefore, cannot be seen and evaluatied by the jury like all of the other witnesses and will not be examined or cross-examined by either of the parties under oath.

You, of course, must lay aside and completely disregard anything you may have read or heard about the case outside of this courtroom because your verdict must be based solely and exclusively on the evidence presented here in court in accordance with my instructions to you at the close of the case about the law you must apply to the evidence.

To rely upon anything you see or hear outside of this courtroom in reaching your verdict is a violation of your oath as a juror.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> (6th Edition 2008) §12.01.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 2
### Court's Comments on Evidence

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case. Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Criminal, § 11:06 (6th ed. 2013).

### DEFENDANT'S PROPOSED INSTRUCTION NO. 3
#### Court's Questions to Witnesses

During the course of a trial, I may occasionally ask questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter B not to help one side of the case or hurt another side. Remember at all times that you, as jurors, are the sole judges of the facts of this case.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Criminal, § 11:05 (6th ed. 2013).

### DEFENDANT'S PROPOSED INSTRUCTION NO. 4
#### Court's Comments to Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure. You are to draw absolutely no inference against the side to which an admonition of the Court may have been addressed during the trial of this case.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Criminal, § 11:04 (6th ed. 2013).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 5
### Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his or her client because the attorney has made objections. Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Criminal, § 11:03 (6th ed. 2013).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 6
### Conduct of the Jury

Here are some important rules about your conduct as jurors: 1. Keep an open mind. Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations. 2. Do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate. You need to allow each juror the opportunity to keep an open mind throughout the entire trial. During trial you may talk with your fellow jurors about anything else of a personal nature or of common interest. 3. During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. 4. Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors. It is important not only that you do justice in this case, but that you give the appearance of justice. If anyone should try to talk to you about the case during the trial, please report that to me, through my courtroom deputy, immediately. Do not discuss this situation with any other juror. 5. Do not discuss the case with anyone outside the courtroom or at home, including your family and friends. You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last. However, you should also tell them that the judge instructed you not to talk any more about the case and that they should not talk to you about it. The reason for this is that sometimes someone else's thoughts can influence you. Your thinking should be influenced

only by what you learn in the courtroom. 6. Until the trial is over and your verdict is announced, do not watch or listen to any television or radio news programs or reports about the case, or read any news or internet stories or articles about the case, or about anyone involved with it. [In highly publicized cases, the judge may want to add an additional instruction in this regard.] 7. Do not use a computer, cellular phone, or other electronic devices while in the courtroom or during deliberations. These devices may be used during breaks or recesses for personal uses, but may not be used to obtain or disclose information about this case. 8. Do not do any research or make any investigation on your own about any matters relating to this case or this type of case. This means, for example, that you must not visit the scene, conduct experiments, consult reference works or dictionaries, or search the internet for additional information, or use a computer, cellular phone, or other electronic devices, or any other method, to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case. You must decide this case based only on the evidence presented in the courtroom and my instructions about the law. It would be improper for you to try to supplement that information on your own. 9. Finally, you should not concern yourselves with or consider the possible punishment that might be imposed if you return a verdict of guilty.

Authority: Third Circuit Manual of Model Jury Instructions, 1.03.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7
### Typewritten Transcripts of Tape Recorded Conversations

Tape recordings of conversations have been received in evidence and [are about to be] [have been] played for you. Typewritten transcripts of these tape recorded conversations [are about to be] [have been] furnished to you. These typewritten transcripts of the conversations are being given to you solely for your convenience in assisting you in following the conversation or identifying the speakers.

The tapes themselves are evidence in the case and the typewritten transcripts are not evidence. What you hear on the tape is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the tapes and not the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken or if you cannot determine from the tape recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Criminal, § 11:10 (6th ed. 2008).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8
### Publicity During Trial

I am advised that reports about this trial are appearing in the newspapers [and] [or] on radio [and] [or] on television [and] [or] on the internet. The person who wrote or is reporting the story may not have listened to all of the testimony as you have, may be getting information from people who you may not see here in court under oath and subject to cross-examination, may emphasize and unimportant point, or may simply be wrong.

Please do not read anything or listen to anything or watch anything with regard to this trial. The case must be decided by you solely and exclusively on the evidence which is received here in court.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Criminal, § 11:08 (6th ed. 2008).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9</u>
<u>Introduction to the Final Charge-Province of the Court and the Jury</u>

Members of the Jury:

Now that you have heard all of the evidence to be received in this trial and each of the arguments of counsel, it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions fo the Court and to apply these rules of law to the facts as you find them from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of the law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must considerthe instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than

that given in these instructions of the Court; just as it would be a violation of your sworn duty as the judges of the facts to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial, you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> (6th Edition 2008) §12:01.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10
### The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

The question before you can never be: will the government win or lose the case. The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

Authority: Modern Federal Jury Instructions—Criminal § 2.01 (Lexis, 2010), Form Instruction 2-5 (modified).

<u>DEFENDANT'S PRPOSED JURY INSTRUCTION NO. 11</u>
<u>Presumption of Innocence, Burden of Proof, and Reasonable Doubt</u>

I instruct you that you must presume the defendant, Kelvin Melton, to be innocent of the crime charged. Thus, the defendant, although accused of a crime in the indictment, begins the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. Mr. Melton is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing by legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant, Kelvin Melton. The burden is always upon the government to prove guilt beyond a reasonable doubt.

This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilty beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Kelvin Melton has committed each and every element of the offenses charged in the indictment, you must find him not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either

of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> (6th Edition, 2008) § 12:10

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12
### Consider Only the Offense Charged

Mr. Melton is not on trial for any act or any conduct not specifically charged in the indictment.  You are here to decide whether the government has proved beyond a reasonable doubt that Mr. Melton is guilty of the crime(s) charged.  Mr. Melton is not on trial for any act, conduct, or offense not alleged in the indictment.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2011) § 12:09 (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13
### Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always assumed by the government.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008) § 12.02.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14
### Indictment is Not Evidence

An indictment is nothing more than a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crimes charged. Even though this indictment has been returned against the defendant, the defendant begins the trial with absolutely no evidence against him.

Defendant, Kelvin Melton, has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> (6th Edition, 2008) § 13.04 (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15
### Direct Evidence/Circumstantial Evidence

There are two types of evidence you may properly use in deciding whether the Defendant is guilty or not guilty. One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard, or observed. In other words, when a witness testifies about what is known to his or her knowledge by virtue of his own sense – what he sees, feels, touches, or hears.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse. Assume that when you came in the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which was also dripping wet.

Now you cannot look outside and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that

before convicting a defendant the jury must be satisfied of Mr. Melton's guilt beyond a reasonable doubt from all the evidence in the case.

Authority: 1-5 Modern Federal Cury Instruction – Criminal (2009). Matthew Bender & Company, Section 5.02, Instruction 5-2.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16
### Credibility of Witnesses Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the eight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of a different witness may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of the discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or eight to that testimony, if any, that you feel it deserves. You will then be in a position to decide wither the government has proven the charge[s] beyond a reasonable doubt.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> (6th Edition, 2008) § 15:01.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17
Credibility of Witnesses-Informant

The testimony of an informant, somone who provides evidence against someone else for money or to escape punishment for [his] [her] own misdeeds or crimes or for other personal reason or advantage must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

_____ may be considered to be an informant in this case.

The jury must determine whether the informer's testimony has been affected by self-interest, or by the agreement [he] [she] has with the government or [how own] [her own] interest in the outcome of this case, or by prejudice against the defendant.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008) § 15.02.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18
### Credibility of Witnesses-Accomplice

The testimony of an alleged accomplice, someone who said [he] [she] participated in the commission of a crime, must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of that crime.

_____ may be considered to be an alleged accomplice in this case.

The fact that an alleged accomplice [has entered] [has agreed to enter] a plea pf guilty to the offense charged is not evidence of the guilt of any other person [including the defendant].

The jury must determine whether the testimony of the accomplice has been affected by self-interest, or by an agreement [he] [she] may have with the government, or by [his own] [her own] interest in the outcome of this case, or by prejudice against the defendant.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008) §15.04.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19
Credibility of Witnesses-Drug or Alcohol User

The testimony of a drug or alcohol abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs or alcohol.

_____ may be considered to be an abuser of drugs or alcohol.

The jury must determine whether the testimony of the drug or alcohol user has been affected by drug or alcohol use or the need for drugs or alcohol.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008) § 15.05.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20
### Credibility of Witnesses-Inconsistent Statement

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

[If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.]

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> (6th Edition, 2008) § 15.06.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21
Credibility of Witnesses-Conviction of a Felony

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008) § 15:07.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22
Credibility of Witnesses-Bad Reputation for Truth and Veracity

The credibility of a witness may be discredited or impeached by evidence showing that the general reputation of the witness for truth and veracity is bad.

If you believe a witness has been so impeached and thus discredited during this trial, it is your exclusive right to give the testimony of that impeached witness such weight, if any, you think it deserves.

You may consider this evidence of bas reputation for truthfulness as one of the circumstances you assess in determining whether or not to believe the testimony of that witness.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008) §15:09 (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23
### The Refusal of Witness to Answer

The law requires that every witness answer all proper questions put to him or her at trial unless the Court rules that he or she is privileged to refuse to answer on Constitutional or other grounds.

The fact that a witness refuses to answer a question after being instructed by the Court to answer it may be considered by the jury as one of the factors in determining the credibility of the witness and the weight his or her testimony deserves.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008) § 15:11 (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24
### Bias and Hostility

In connection with your evaluation of the credibility of the witnesses, you should specifically consider the evidence of resentment or anger which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced, or hostile toward the defendant requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

Authority: Modern Federal Jury Instructions—Criminal § 7.01 (Lexis, 2010), Form Instruction 7-2.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 25
### Law Enforcement Witness

You have heard the testimony of a law enforcement official. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of a witness not employed in law enforcement.

At the same time, it is quite legitimate for counsel to try to attack the credibility of a law enforcement witness or other witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

Authority: Modern Federal Jury Instructions—Criminal § 7.01 (Lexis, 2010), Form Instruction 7-16 (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 26
### Identification Testimony

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendant as the perpetrator of the alleged offense[s].

In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

Authority: Fifth Circuit Pattern Jury Instructions § 1.29 (2015).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 27
### No Inference of Guilt from Defendant's Decision Not to Testify

Mr. Melton has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that he did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Authority: First Circuit Pattern Jury Instructions (Criminal Cases), Modern Federal Jury Instructions—Criminal § 3.03 (Lexis, 2010) (modified).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28</u>
<u>Nature of the Offense Charged</u>

**Count One- Conspiracy to Kidnap**

Count One of the indictment charges that beginning on or about February 2014, and continuing to on or about April 10, 2014, in the Eastern District of North Carolina, the defendant, Kelvin Melton, did knowingly combine, conspire, confederate and agree to commit offenses against the United States, that is,

a. From in or about February 2014, to on or about March 11, 2014, to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom, reward, and otherwise, any person, and to willfully transport such person in interstate commerce and use any means, facility, and instrumentality of interstate commerce in committing and furtherance of the commission of the offense, to wit, motor vehicles, public roads, and cellular telephones, in violation of Title 18, United States Code, Section 1201(a).

b. From on or about April 3, 2014, and continuing to on or about April 10, 2014, to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom, reward, and otherwise, any person, and to willfully transport such person in interstate commerce and use any means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the offense, to wit, motor vehicles, public roads, and cellular telephones, in violation of Title 18, United States Code, Section 1201(a).

In furtherance of the conspiracy and to effect the objects of the conspiracy, the Indictment further charges that the Defendant and his co-conspirators did, in the Eastern District of North Carolina and elsewhere, commit numerous overt acts, many of which are detailed in the

Introduction to the Indictment. All in violation of Title 18, Section 1201(c).

Mr. Melton has entered a plea of not guilty and has denied that he is guilty of the offense charged in Count One of the indictment.

Authority: Indictment

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29
The Statute Defining the Offense Charged

**Count One-Conspiracy to Kidnap**

According to Section 1201(c) of Title 18, United States Code, it is a crime if: If two or more persons conspire to violate this section and one or more of such persons do any overt act to effect the object of the conspiracy . . . .

Authority: 18 U.S.C. § 1201(c).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30</u>
<u>THE ELEMENTS OF THE OFFENSE CHARGED</u>

**Count One-Conspiracy to Kidnap**

In order to sustain its burden of proof for the crime of conspiracy to commit kidnapping as charged in Count One of the Indictment, the Government must prove the following four essential elements beyond a reasonable doubt:

1. The conspiracy, agreement, or understanding to commit the crimes described in the Indictment was formed, reached, or entered into by two or more persons;

2. At some time during the existence or life of the conspiracy, agreement, or understanding, the Defendant knew the purpose of the agreement;

3. With knowledge of the purpose of the conspiracy, agreement, or understanding, the Defendant then deliberately joined the conspiracy, agreement, or understanding; and 4. At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed an overt act and did so in order to further or advance the purpose of the agreement.

 Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Criminal § 31:03 (6th Ed. 2008 & Supp.) (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31
### Conspiracy-Existence of an Agreement

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some join or common plan or couse of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually exists, then you must acquit Defendant, Kelvin Melton, of the charge contained in Count One of the indictment.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Criminal § 31:04 (6th Ed. 2008) (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 32
### Conspiracy-Membership in Agreement

Before the jury may find that Defendant, Kelvin Melton, or any other person, became a member of the conspiracy charged in Count One of the indictment, the evidence in the case must show beyond a reasonable doubt that Defendant, Kelvin Melton, knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Criminal § 31:05 (6th Ed. 2008) (modified).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33
Acts and Declarations of Co-Conspirators

Evidence has been received in this case that certain persons, who are alleged in Count One of the indictment to be co-conspirators of Defendant, Kelvin Melton, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count One of the indictment against the Defendant, Kelvin Melton.

Since these acts may have been performed and these statements may have been made outside the presence of Defendant, Kelvin Melton, and even done or said without the Defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Criminal § 31:06 (6th Ed. 2008) (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34
### "Overt Act"-Defined

In order to sustain its burden of proof under Count One of the indictment the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy or agreement,

The term "overt act" means some type of outward, objective action performed by one of the parties or one of the members of the agreement or conspiracy which evidences the agreement.

Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.

The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Criminal § 31:07 (6th Ed. 2008) (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35
### Single or Multiple Conspiracies

Count One of the indictment charges that defendant Kelvin Melton knowingly and deliberately entered into a conspiracy to kidnap.

In order to sustain its burden of proof for this charge, the government must show that the single [overall] [umbrella] [master] conspiracy alleged in Count One of the indictment exited. Proof of separate or independent conspiracies is not sufficient.

In determining whether or not any single conspiracy has been shown by the evidence in the case you must decide whether common, master, or overall goals or objectives existed which served as the focal point for the efforts and actions of any member to the agreement. In arriving at this decision you may consider the length of time the alleged conspiracy existed, the mutual dependence or assistance between various persons alleged to have been its members, and the complexity of the goal(s) or objective(s) shown.

A single conspiracy may involve various people at differing levels and may involve numerous transactions which are conducted over some period of time and at various places. In order to establish a single conspiracy, however, the government need not prove that an alleged co-conspirator was aware of each of the transactions alleged in the indictment.

Even if the evidence in this case shows that Defendant Kelvin Melton was a ember of some conspiracy, but that this conspiracy is not the single conspiracy charged in the indictment, you must acquit Defendant Kelvin Melton of this charge.

Unless the government proves the existence of the single [overall] [master] [umbrella] conspiracy described in the indictment beyond a reasonable doubt, you must acquit Defendant

Kelvin Melton of this charge.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Criminal § 31:07 (6th Ed. 2008) (modified).

**Count Two-Attempted Kidnapping**

The Nature of the Offense Charged Count Two Attempted Kidnapping and

Aiding/Abetting 18 U.S.C. § 1201(d) and 2 Count Two of the Indictment charges that, beginning

in or about February of 2014, and continuing to on or about March 11, 2014, in the Eastern

District of North Carolina and elsewhere, the Defendant, aiding and abetting others, did attempt

to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom,

reward, and otherwise, any person, and to willfully transport such person in interstate commerce,

and the offenders did travel in interstate commerce and did use means, facilities, and

instrumentalities of interstate commerce in committing and in furtherance of the commission of

said offense, including, motor vehicles, public roads, and cellular telephones, in violation of Title

18, United States Code, Sections 1201(d) and 2.

Authority: Indictment

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37</u>
<u>The Statute Defining the Offense Charged</u>

**Count Two: Attempted Kidnapping**

According to Section 1201(d) of Title 18, United States Code, it is a crime to attempt to kidnap another person in violation of 1201(a).

Authority: 18 U.S.C. § 1201(d)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38
The Essential Elements of the Offense Charged

**Count Two: Attempted Kidnapping**

In order to sustain its burden of proof for the crime of attempted kidnapping as charged in Count Two of the Indictment, the Government must prove that the Defendant attempted to commit kidnapping as that crime is defined in 18 U.S.C. Section 1201. The crime of kidnapping is defined in Section 1201(a) is defined as follows: First: To unlawfully seize, confine, inveigle, decoy, kidnap, abduct, or carried away another person; Second: To hold that person for ransom or reward or other reason; and Third: To willfully transport such person in interstate commerce; or for the offenders to travel in interstate commerce; or for the offenders to use the mail or any means, facility, or instrumentality of interstate commerce, such as motor vehicles, public roads, or cellular telephones, in committing or in furtherance of the commission of the offense.

Authority: 18 U.S.C. Section 1201(a).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 39
### Definition of Attempt

Count Two charges the Defendant with aiding and abetting others in the attempted kidnapping of a person in violation of 18 U.S.C. Section 1201(d). An attempt to commit kidnapping is a federal crime even though the defendant did not actually complete the crime. In order to find the Defendant guilty of attempt to kidnap, you must find that the government proved beyond a reasonable doubt each of the following two (2) elements:

First: That the Defendant, aiding and abetting others, intended to commit the crime of kidnapping, as I will define that offense; and

Second: That the Defendant, aiding and abetting others, performed an act constituting a substantial step toward the commission of kidnapping which strongly corroborates or confirms that the Defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the Defendant guilty of attempt to commit kidnapping merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the Defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it. With respect to the substantial step element, you may not find the Defendant guilty of attempt to commit kidnapping merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the Defendant took some firm, clear, undeniable action to accomplish his intent to commit the kidnapping. However, the substantial step element does not require the Government to prove that the Defendant did everything except the last act necessary to complete the crime.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Criminal §

(6th Ed. 2008).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 40
Definition of Kidnapping

The term "kidnaps" as used in these instructions means forcibly to hold, detain, or carry away a person against that person's will.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Criminal § 46:04 (6th Ed. 2008).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 41
"And Holds for Ransom, Reward or Otherwise"-Defined

The phrase "and holds for ransom or reward or otherwise" means to detain a person for anything that the individual who is holding that person feels is of benefit or has value. Such benefit is not limited to money or any measurable or material item.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Criminal § 46:05 (6th Ed. 2008).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 42
### "Transported in Interstate Commerce"-Defined

The term "interstate commerce" means commerce [or travel] between one State . . . and another State . . ."

A person is "transported in interstate commerce" whenever that person moves or travels across state lines or moves or travels from one state to another state.

Although the government must prove beyond a reasonable doubt that a person was transported in interstate commerce it is not necessary fo the government to establish that Defendant knew that state lines were actually being crossed.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Criminal § 46:06 (6th Ed. 2008).

**Count Three-Using and Carrying a Firearm During and in Relation to Attempted Kidnapping**

Count Three of the Indictment charges that the Defendant, aiding and abetting others, from on or about March 7, 2014, continuing to on or about March 11, 2014, did knowingly use and carry a firearm during and in relation to crimes of violence for which the Defendant may be prosecuted in a court of the United States, that is, conspiracy to commit kidnapping and attempted kidnapping as alleged in Counts One and Two of this Indictment, all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Authority: Indictment.

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 44</u>
<u>The Statue Defining the Offense Charged</u>

**Count Three-Using and Carrying a Firearm During and in Relation to Attempted Kidnapping**

Title 18, United States Code, Section 924(c)(1), makes it a crime to … "use or carry a firearm" . . . "during and in relation to any crime of violence . . . ."

Authority: 18 U.S.C. § 924(c)(1)(A)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 45
The Essential Elements of the Offense Charged

**Count Three-Using and Carrying a Firearm During and in Relation to Attempted Kidnapping**

In order to sustain its burden of proof, the Government must prove the following five essential elements beyond a reasonable doubt: First: The Defendant, aiding and abetting others, committed the a violent crime, as alleged in Count One or Count Two; and Second: During and in relation to such crime the Defendant, aiding and abetting others, knowingly used or carried a firearm. Mod. Crim. Jury Instr. 3rd Cir. 6.18.924A, Mod. Crim. Jury Instr. 3rd Cir. 6.18.924A.

**Count Three-Using and Carrying a Firearm During and in Relation to Attempted Kidnapping**

A "firearm" is carried "in relation to" a crime of violence if it has some purpose or effect with respect to the crime and if its presence was not the result of accident or coincidence. The firearm must facilitate, or potentially facilitate, the crime. "Crime of violence" means an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. The phrase "uses or carries a firearm" means having a firearm available to assist or aid in the commission of the crime. In determining whether the defendant used or carried a firearm, you may consider all of the factors received in evidence in the case including the nature of the underlying crime of violence alleged, the proximity of the persons aiding and abetting the Defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm. The Government is not required to show that the persons aiding and abetting the Defendant actually displayed or fired the weapon. The Government is required, however, to prove beyond a reasonable doubt that the firearm was in such person's possession or under such person's control at the time that a crime of violence was committed.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 39.20 (6th ed. 2014) and 18 U.S.C. § 924(c)(3).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 47</u>
<u>The Nature Of The Offense Charged</u>

**Count Four-Kidnapping**

Count Four of the Indictment charges that beginning on or about April 3, 2014, and continuing to on or about April 10, 2014, in the Eastern District of North Carolina and elsewhere, the Defendant, aiding and abetting others, did unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom, reward, and otherwise, any person, and that such person was willfully transported in interstate commerce, and that the offenders did travel in interstate commerce and did use means, facilities, and instrumentalities of interstate commerce in committing and in furtherance of the commission of said offense, including, motor vehicles, public roads, and cellular telephones, in violation of Title 18, United States Code, Sections 1201(a) and 2.

Authority: Indictment.

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 48</u>
<u>The Essential Elements of The Offense Charged</u>

**Count Four-Kidnapping**

In order to sustain its burden of proof for the crime of kidnapping as charged in Count of the Indictment, the Government must prove the following three (3) essential elements beyond a reasonable doubt: First: That the Defendant, aiding and abetting others, unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away another person; Second: That the Defendant, aiding and abetting others, held such person for ransom or reward or otherwise; and Third: That the Defendant, aiding and abetting others, willfully transported such person in interstate commerce; or that the offenders traveled in interstate commerce; or that the offenders used the mail or any means, facility, or instrumentality of interstate commerce, such as motor vehicles, public roads, or cellular telephones, in committing or in furtherance of the commission of the offense. The definitions pertaining to the kidnapping statute have been provided to you in connection with the jury instructions for Count Two (attempted kidnapping). Authority: 18 U.S.C. Section 1201(a).

**Count Five-Use, carrying and brandishing a firearm during and in relation to and possessing a firearm in furtherance of, a crime of violence**

Count Five of the Indictment charges, that on or about April 5, 2014, in the Eastern District of North Carolina and elsewhere, the Defendant, aiding and abetting others, did knowingly use and carry a firearm during and in relation to crimes of violence for which the Defendant may be prosecuted in a Court of the United States, that is, the conspiracy to commit kidnapping and kidnapping alleged in Counts One and Four of the Indictment, and did possess said firearm in furtherance of said crime of violence, and said firearm was brandished, in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(A)(ii), and 2.

Authority: Indictment.

**Count Five-Use, carrying and brandishing a firearm during and in relation to and possessing a firearm in furtherance of, a crime of violence**

Section 924(c) of Title 18 of the United States Code provides, in part, that "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," [shall be guilty of a crime].

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008). § 39:17.

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 51</u>
<u>The Essential Elements of the Offense Charged</u>

**Count Five-Use, carrying and brandishing a firearm during and in relation to and possessing a firearm in furtherance of, a crime of violence**

In order to sustain its burden of proof in Count Five, the Government must prove the following four essential elements beyond a reasonable doubt: First: The Defendant, aiding and abetting others, committed a violent crime, as alleged in Count One or Count Four; Second: During and in relation to the commission of that crime, the Defendant, aiding and abetting others, knowingly used or carried a firearm, or possessed a firearm; Third: The use or carrying of such firearm was during and in relation to the crime or the possession of that firearm was in furtherance of that crime; and Fourth: That the firearm was brandished during the commission of the crime.

Authority: Adapted from Pattern Jury Instructions of South Carolina, 2015; Mod. Crim. Jury Instr. 3rd Cir. 6.18.924A, Mod. Crim. Jury Instr. 3rd Cir. 6.18.924A; 2A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 39.18 (6th ed. 2014).

**Count Five-Use, carrying and brandishing a firearm during and in relation to and
possessing a firearm in furtherance of, a crime of violence**

Many of the definitions provided in connection with the Count Three (which alleges the
use and carrying of a firearm during and in relation to a crime of violence) apply with respect to
Count Five. However, because Count Five also alleges that the Defendant, aiding and abetting
others, possessed a firearm in furtherance of a crime of violence and brandished a firearm, some
additional definitions are necessary. "Brandish" means to display all or part of the firearm, or
otherwise make the presence known to another person, in order to intimidate that person,
regardless of whether the firearm is directly visible to that person. [§ 924(c)(4)] To "possess" an
item or property means to exercise control or authority over the item or property, voluntarily or
intentionally. Possession may be either sole, by the defendant alone, or joint, that is, it may be
shared with other persons, as long as the defendant exercised control or authority over the item or
property. Possession may be either actual or constructive. Actual possession is knowingly having
direct physical control or authority over the item or property. Constructive possession is when a
person does not have direct physical control or authority, but has the power and the intention to
exercise control or authority over the item or property, sometimes through another person.

Authority: South Carolina Pattern Jury Instructions

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 53
## THE DEFENSE

Defendant, Kelvin Melton, has pleaded "Not Guilty" to the charges contained in the indictment. This plea of not guilty puts in issue each of the essential elements of the offense as described in these instructions and imposes on the government the burden of establishing each of these elements by proof beyond a reasonable doubt.

Authority: O'Malley, Grenig & Lee, _Federal Jury Practice and Instructions_ (6th Edition, 2008) § 19.01 (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 54
### Election of Foreperson

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in court. Forms of verdict have been prepared for your convenience. [Forms of verdict read.] You will take these forms to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form to state the verdict upon which you unanimously agree as to the Defendant, and then return with your verdict to the courtroom.

Authority: (1 Devitt & Blackmar, Federal Jury Practice and Instructions, 581, § 18.04 (3d ed. 1977).)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 55
Communications Between Court and Jury During Deliberations

This being a criminal case, you will not hereafter be allowed to separate until your deliberations have been completed, except for a night's rest. Please be admonished that if you separate for a night's rest at any time during your deliberations, you are, during any such separation, not to talk to anyone about this case or to talk between yourselves about this case. All your deliberations should be conducted as a group in the confines of the jury room. Please also remember and follow all of the other admonitions I have given you throughout this trial for your conduct during recesses. All such instructions also continue to apply during any separations which may occur after you commence your deliberations. I would like to remind you of an instruction at provided to you at the outset of the trial ---do not use a computer, cellular phone, or other electronic devices during deliberations. These devices may be used during breaks or recesses for personal uses, but may not be used to obtain or disclose information about this case. Do not do any research or make any investigation on your own about any matters relating to this case or this type of case. This means, for example, that you must not visit the scene, conduct experiments, consult reference works or dictionaries, or search the internet for additional information, or use a computer, cellular phone, or other electronic devices, or any other method, to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case. You must decide this case based only on the evidence presented in the courtroom and my instructions about the law. It would be improper for you to try to supplement that information on your own. If it becomes necessary during your deliberations to communicate with the court, your foreman may send a written note by the Marshal, signed by your foreman or by one or more members of the

jury. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing; the court will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing, or orally here in open court. And bear in mind also that you are never to reveal to any person -- not even to the court -- how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the accused, until after you have reached a unanimous verdict. Your meals, while you are being kept together, will be provided for you under the Marshal's direction, if your deliberations continue during a period of time sufficient to require such provisions. As the judge presiding over the trial, I shall be available in this building throughout your deliberations and until your verdict has been returned and shall receive it promptly upon its return.

Authority: 1 Devitt and Blackmar, Federal Jury Practices and Instructions, ' 18.12 (3d ed. 1977) (modified)); proposed third paragraph comes from Third Circuit Manual of Model Jury Instructions, 1.03.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Request for Jury Instructions was served via CM/ECF and email upon:

Mr. Dennis M. Duffy
Ms. Leslie K. Cooley
Assistant United States Attorneys for the Eastern District of North Carolina
310 New Bern Avenue
Suite 800 Federal Building
Raleigh, NC 27601-1461

Respectfully submitted, this the 31st day of May, 2016.

/s/ Laura E. Beaver
LAURA E. BEAVER
The Beaver Law Firm
Attorney for Defendant-*Appointed*
P.O. Box 1857
Raleigh, North Carolina 27602
Telephone: 919-578-8851
Fax: 919-882-9648
Email: laura@thebeaverlawfirm.com
N.C. State Bar No. 38021

/s/ H. Gerald Beaver
H. GERALD BEAVER
Beaver Courie Sternlicht Hearp & Broadfoot PA
Attorney for Defendant-*Appointed*
230 Green St. P.O. Box 2275
Fayetteville, North Carolina 28302
Telephone: 910-323-4600
Fax: 910-323-3403
Email: hgbeaver@beavercourie.com
N.C. State Bar No: 5503