IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-72-D
No. 5:20-CV-233-D

| | |
|---|---|
| KELVIN MELTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 3, 2020, Kelvin Melton ("Melton") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and life sentence arising from a heinous kidnapping scheme [D.E. 846]. While serving a life sentence in North Carolina state prison, Melton used gang members to kidnap the father of the state prosecutor who prosecuted Melton. On November 20, 2020, the government moved to dismiss Melton's motion [D.E. 859] and filed a memorandum in support [D.E. 860]. On January 22, 2021 and February 12, 2021, Melton responded in opposition to the government's motion [D.E. 865, 867]. As explained below, the court grants in part Melton's motion, vacates Melton's conviction and 84-month consecutive sentence under 18 U.S.C. § 924(c) on count five, grants the government's motion to dismiss, and dismisses Melton's remaining section 2255 claims. Melton shall continue to serve a life sentence.

I.

On June 21, 2016, a jury convicted Melton of conspiracy to commit kidnapping (count one), attempted kidnapping and aiding and abetting (count two), kidnapping and aiding and abetting (count four), and brandishing a firearm during and in relation to a crime of violence and aiding and abetting

(count five). See [D.E. 600, 601]. On November 10, 2016, the court held Melton's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 634, 636]; Sent. Tr. [D.E. 673] 4. The court determined Melton's total offense level to be 43, his criminal history category to be V, and his advisory guideline range on counts one, two, and four to be life imprisonment and on count five to be 84 months' consecutive imprisonment. See Sent. Tr. [D.E. 673] 25; [D.E. 638] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Melton to life imprisonment on counts one, two, and four to be served concurrently, and 84 months' consecutive imprisonment on count five. See Sent. Tr. [D.E. 673] 26–49; [D.E. 637] 3. Melton appealed [D.E. 639]. On February 21, 2019, the United States Court of Appeals for the Fourth Circuit affirmed Melton's conviction and sentence. See United States v. Melton, 761 F. App'x 171, 178 (4th Cir.) (per curiam) (unpublished), cert. denied, 140 S. Ct. 507 (2019).

Melton first argues that his conviction and sentence in count five under 18 U.S.C. § 924(c) should be vacated (grounds one, two, and three). Melton's section 924(c) conviction for brandishing a firearm during and in relation to a crime of violence and aiding and abetting (count five) was based on Melton's conviction for kidnapping and aiding and abetting (count four). In light of United States v. Davis, 139 S. Ct. 2319 (2019), and United States v. Walker, 934 F.3d 375 (4th Cir. 2019), Melton's conviction on count four is no longer a crime of violence and cannot support Melton's section 924(c) conviction. See Davis, 139 S. Ct. at 2336; Walker, 934 F.3d at 379–80. The government concedes that under Davis and Walker, the court should vacate Melton's conviction and sentence under section 924(c). See [D.E. 860] 17–18. Accordingly, the court vacates Melton's

2

section 924(c) conviction and 84-month consecutive sentence on count five.[1]

Melton also argues that: (1) he received ineffective assistance of trial counsel (ground four); (2) the court denied him his Sixth Amendment right to self-representation (ground five); (3) the government violated due process through prosecutorial misconduct (ground six); (4) the court violated his Fifth and Sixth Amendment rights by denying his motions to change venue (ground seven); (5) he did not receive a fair trial due to pretrial and trial publicity (ground eight); (6) the court unconstitutionally prohibited him from calling defense witnesses (ground nine); (7) the court violated due process because he was charged with an interracial crime (i.e., the victim was white and Melton is African American), but the court made no inquiry about race during jury selection (ground ten); and (8) he received ineffective assistance of appellate counsel (grounds five, six, seven, eight, nine, and ten). See [D.E. 846] 4–65. The government moves to dismiss these claims.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need

---

[1] The court need not hold a resentencing hearing to vacate Melton's section 924(c) conviction and sentence because vacating Melton's conviction and sentence on count five does not alter his advisory guideline range of life imprisonment on counts one, two, and four. See 28 U.S.C. § 2255(b); United States v. Williams, 740 F. App'x 794, 795 (4th Cir. 2018) (per curiam) (unpublished); United States v. Hillary, 106 F.3d 1170, 1171–73 (4th Cir. 1997). Moreover, the court's alternative variant sentence obviates any need to conduct a resentencing on counts one, two, and four. Cf. Molina-Martinez v. United States, 136 S. Ct. 1338, 1345–47 (2016); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012).

3

not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

As for Melton's claims that (1) the court denied Melton his Sixth Amendment right to self-representation (ground five); (2) the government violated Melton's due process rights through prosecutorial misconduct (ground six); (3) the court violated Melton's Fifth and Sixth Amendment rights by denying his motions to change venue (ground seven); (4) Melton did not receive a fair trial due to pretrial and trial publicity (ground eight); (5) the court unconstitutionally prohibited Melton from calling defense witnesses (ground nine); and (6) the court violated Melton's rights where he was charged with an interracial crime, but the court made no inquiry about race during jury selection (ground ten), Melton procedurally defaulted these claims by failing to raise them on direct appeal. Cf. Melton, 761 F. App'x at 174–78. Thus, the general rule of procedural default bars Melton from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Melton has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the

4

alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Accordingly, the claims fail.

Melton also alleges that he received ineffective assistance of trial and appellate counsel (grounds four, five, six, seven, eight, nine, and ten). The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Melton must show that his attorneys' performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Melton has not plausibly alleged deficient performance of trial counsel. At trial, the government presented overwhelming evidence of Melton's guilt in directing gang members to

5

kidnap the victim and to attempt to kidnap another victim. See, e.g., Melton, 761 F. App'x at 172–77. Moreover, law enforcement recovered the phone that Melton used to direct the kidnapping from Melton's prison cell, handwritten notes concerning the kidnapping scheme, and a recording of Melton directing some of his co-conspirators how and when to murder the victim. See id. Moreover, numerous coconspirators pleaded guilty and testified against Melton. Id. Accordingly, defense counsel pursued the reasonable strategy of attempting to impeach government witnesses in order to suggest that high-ranking gang members on the ground in Atlanta conducted the kidnapping and attempted kidnapping and that the government had not proven Melton's involvement in the charged crimes. In light of the government's overwhelming evidence, defense counsel's performance at trial was adequate and falls within the wide range of professional performance. See, e.g., Strickland, 466 U.S. at 691; United States v. Chapman, 593 F.3d 365, 369 (4th Cir. 2010). Furthermore, the record belies Melton's claims that counsel's pretrial preparation, pretrial motions practice, cross-examination of witnesses at trial, and closing argument were deficient. See, e.g., [D.E. 435] 3–52; [D.E. 521]; [D.E. 625] 20–27; [D.E. 626] 21–42; [D.E. 627] 126–29; [D.E. 653] 186–91; [D.E. 670] 106–137, 203–14, 272–85; [D.E. 672] 11–30, 32–43; [D.E. 763] 66–100; Baker v. Corcoran, 220 F.3d 276, 295–96 (4th Cir. 2000); see also [D.E. 860] 21–25. Having presided during this entire case and having reviewed the entire record, trial counsel did not perform deficiently. In fact, trial counsel performed admirably.

Alternatively, Melton has not plausibly alleged prejudice concerning counsel's performance at trial. To prove prejudice from deficient performance at trial, a defendant must prove a reasonable probability that the trial's outcome would have been different if the error had not occurred. See, e.g., Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the

6

outcome." Strickland, 466 U.S. at 694. In light of the government's overwhelming evidence against Melton, Melton has not plausibly alleged that trial counsel could have done something differently to obtain a different outcome at trial. See, e.g., Melton, 761 F. App'x at 177 ("The Government presented a commanding case against Melton[.]"). Thus, Melton has not plausibly alleged prejudice. See, e.g., Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700.

Melton also has not plausibly alleged deficient performance of appellate counsel (grounds five, six, seven, eight, nine, and ten). Melton claims that appellate counsel was deficient by failing to raise arguments that: (1) the court denied Melton his Sixth Amendment right to self-representation (ground five); (2) the government violated Melton's due process rights through prosecutorial misconduct (ground six); (3) the court violated Melton's Fifth and Sixth Amendment rights by denying his motions to change venue (ground seven); (4) Melton did not receive a fair trial due to pretrial and trial publicity (ground eight); (5) the court unconstitutionally prohibited Melton from calling defense witnesses (ground nine); and (6) the court violated Melton's rights because he was charged with an interracial crime but the court made no inquiry concerning race during jury selection (ground ten). The Sixth Amendment does not require a lawyer to make all non-frivolous arguments, much less frivolous arguments. See Knowles v. Mirzayance, 556 U.S. 111, 124–26 (2009). In light of the court's extensive efforts at trial to protect Melton's Fifth and Sixth Amendment rights, the court's careful explanation of its reasoning for denying Melton's motions for change of venue and for self-representation, the overwhelming evidence of Melton's guilt, and the court's thorough voir dire of jurors, appellate counsel acted reasonably by not raising these arguments on appeal. See, e.g., [D.E. 435] 48–49; [D.E. 516]; [D.E. 533]; [D.E. 672] 16–30, 32–35, 40–43; [D.E. 793] 11–31; United States v. Mason, 774 F.3d 824, 828–29 (4th Cir. 2014). Accordingly, on this record, there was no deficient performance.

7

Alternatively, Melton has not plausibly alleged prejudice concerning appellate counsel's performance. Even if appellate counsel had raised Melton's arguments on appeal, Melton has not demonstrated that these arguments would have changed the outcome of his appeal. Cf. Melton, 761 F. App'x at 174–78. Thus, Melton has not plausibly alleged prejudice. See, e.g., Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700; United States v. Rangel, 781 F.3d 736, 745–46 (4th Cir. 2015).

After reviewing the claims presented in Melton's motion, the court finds that reasonable jurists would not find the court's treatment of Melton's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS in part Melton's section 2255 motion [D.E. 846], VACATES Melton's section 924(c) conviction and 84-month consecutive sentence on count five, GRANTS the government's motion to dismiss [D.E. 859], DISMISSES Melton's remaining claims in his section 2255 motion, and DENIES a certificate of appealability. Melton SHALL continue to serve a life sentence on counts one, two, and four. The clerk shall close the case.

SO ORDERED. This 24 day of June 2021.

JAMES C. DEVER III
United States District Judge

8